WINDOW ROCK DISTRICT COURT

May 23, 1983

No. WR-CV-240-82

VICTORIA LYDIA PESHLAKAI, Petitioner, v.

ALBERT GUNN REDD, JR., Respondent.

Honorable Tom Tso, Judge presiding.

This is a paternity action involving two minor children. The issues in this case have been joined by a petition for paternity, an answer and counterclaim and a reply to the counterclaim. A pretrial conference was conducted before the court on May 18, 1983, ad upon the pleadings of the parties and the contentions made at the pretrial conference, the court makes the following determination of the issues of fact and law to be resolved:

THE CASE

There are two minor children involved in this case. Their names will not be disclosed here because of the policy of keeping such matters confidential. The first child, a boy, was born on August 2, 1980, and he will be three years of age this year. The second, a girl, was born on January 1, 1982, and she is almost 1½ years of age.

The paternity of the boy was admitted by the response, and the respondent pleas that he has insufficient knowledge with respect to the paternity of the girl.

The pleadings put at issue the fitness of the mother for child custody, and the father asks for custody of the boy and also custody of the girl, if she is determined to be his child.

It appears that the boy was enrolled as a member of the Southern Ute Indian Tribe by action of its Tribal Council on December 30, 1980. The Council Resolution, N. 80-121, recites that the child has a ¼ degree of Ute blood and that the enrollment was based upon the child's authenticated birth certificate. The child is also shown as enrolled on the Navajo Indian Census Roll and having a ½ degree of Navajo Indian blood.

Therefore the paternity of the father with respect to the boy is not at issue and the court will so find.

MATTERS AT ISSUE

The court finds these matters to be at issue:
1. Whether the respondent is the father of the girl:
2. Who should have custody of the children;
3. Whether the custody of the children should be with one person or should be split (depending upon the paternity issue);

4. Which enrollment is valid;
5. Child support.

## QUESTIONS OF LAW TO BE BRIEFED

The court will, upon its own motion, determine whether a summary judgment should be entered on the issues before it. The issue of enrollment appears to be one of law, and a summary judgment should be possible to resolve it. The paternity and custody questions are ones of fact, and they would normally be resolved at trial. However these questions should be approached with a view of narrowling the issues of fact to be tried or entering a possible summary judgment. Therefore the court enters the following ORDERS with respect to the questions of law and fact:

## QUESTIONS OF LAW

The parties are hereby ORDERED to submit simultaneous on the following questions within 20 days of the date of this order:
1. The legal standards of proof necessary to make a summary finding of paternity under the facts of this case and those standards, if any, which must be resolved at trial;
2. Whether, as a matter of law, the custody of the minor children should be split given the probable maternity of the mother with respect to both of them;
3. The custom law aspects, both Navajo and Ute, of child custody under the facts of this case;
4. The law to be applied to this case, both as to statutory law and custom law, as among the law of the Navajo Nation, the law of the Southern Ute Tribe or the State of New Mexico;
5. What application the presumption of regularity of official records has with respect to the Southern Ute enrollment resolution and the Navajo enrollment record (i.e. fraud, compliance with applicable enrollment procedures, et.);
6. To what extent, if any, this court must give either full faith and credit or comity to the Southern Ute enrollment resolution, considering matters of jurisdiction, public policy, custom law, points of contact, governmental interests and like matters.
The parties shall provide the court with verified or certified copies of the applicable Southern Ute tribal code provisions or enrollment policies applicable to this case in order to assure that the court has a correct statement of the Southern Ute law applicable to the enrollment and jurisdiction questions.

## QUESTIONS OF FACT

The court has the authority to make its own motion for summary judgment, but it can do so only if it finds that there are no issues of material fact with respect to the issues before it. In an attempt to simplify the factual issues before the court for a possible trial, and in order to determine whether the court should make its own motion for summary judgment, the parties are ORDERED to file affidavits of fact from the appropriate persons having knowledge of the facts within 30

days of the date of this order. The relevant facts the court wishes to have before it are:

1. As to residence:

a. The dates and places of residents of the parties at the time of their cohabitation;

b. The dates, places of physical residence and the names of the persons caring for the children since the date of their birth;

c. The dates and places of current residence of the parties;

2. As to affiliation with the Southern Ute and Navajo Tribe:

a. The contacts the parties have with their extended families, if any, including the nature of the interaction, the persons in the life of the children, and the nature of the inter-action.

3. Those factual matters which the parties contend show that the child should, as a matter of policy, be enrolled in his or her tribe;

4. Those factual matters which the parties contend show their fitness for custody (see prior Navajo decisional law on this point);

5. Those factual matters which go to the issue of paternity;

6. Such other factual matters as fairly arise from the pleadings.

## CONCLUSION

The court considers the enrollment question to be one of first impression and one which is of significant importance, and it should be approached carefully and throughly. The question of the childrens' paternity and custody is no less important, and the court wishes to either resolve these questions without trial or upon a careful presenta-tion of the facts. If it appears from the affidavits of the parties that there are material issues of fact to be resolved at trial, the affidavits will be treated as admissions and contentions of fact, as appropriate.

SO ORDERED.